IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AWILDA CINTRON VAZQUEZ  PLAINTIFFS  VS.  UNIVISION OF PUERTO RICO, INC.  DEFENDANT | CIVIL NO. 11-1302  AGE DISCRIMINATION IN EMPLOYMENT ACT; LAW NO.100 OF JUNE 30, 1959; RETALIATION  TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT**:

Plaintiff, through the undersigned attorneys, very respectfully alleges, states and prays:

### NATURE OF THE ACTION

1. This is an action for injunctive relief, back pay, compensatory and liquidated damages arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Commonwealth of Puerto Rico Law No. 100 of June 30, 1959, as amended to seek redress for Defendant's discrimination on the basis of age against Plaintiff.

### JURISDICTION

2. This Court has jurisdiction to entertain the claims pleaded herein pursuant to 29 U.S.C. 621 et seq. and 28 U.S.C. 1331.

3. Plaintiff, Awilda Cintrón Vázquez (herein after "Cintron Vázquez") further invokes the pendent or supplemental jurisdiction of this Court under 28 U.S.C. 1367 to hear and decide Commonwealth of Puerto Rico Law claims that arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) and (b).

5. All conditions precedent to jurisdiction under 29 U.S.C. 602(e) have been satisfied, to

wit:

    a. A timely charge of employment discrimination on the basis of age discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on February 19, 2010.

    b. Cintron Vázquez requested a Right to Sue letter from the EEOC.

    c. Receipt of the Notice of Right to Sue from the EEOC occurred on January 13, 2011.

6. All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

**PARTIES**

7. Defendant, Univision of Puerto Rico, Inc. (hereinafter referred to as "Univision"), at all times relevant herein, is Plaintiff's employer.

8. Univision is, and at all times hereinafter mentioned, a foreign owned corporation duly organized under the laws of the State of Delaware, and authorized to do business in the Commonwealth of Puerto Rico.

9. Univision has its principal office and place of business in Los Angeles, California.

10. Univision is a "person" within the meaning of 29 U.S.C. 630 (a).

11. Univision is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. 630 (h).

12. Univision is an employer within the meaning of 29 U.S.C. 630 (b).

13. Cintrón Vazquez is a citizen of the United States and resident of the Commonwealth of Puerto Rico.

14. At all times relevant herein, Cintrón Vázquez has been Univision's employee, and she is

63 years of age.

## THE NARRATIVE

15. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

16. Cintrón Vázquez has been working for Univision for sixteen years, as a Make-Up Artist.

17. Cintrón Vázquez, at 63 years of age, is the employee with the most seniority of the three employees who work as Make-Up Artists.

18. Cintrón Vázquez has performed the duties of her position in a satisfactory manner for Univision.

19. Cintrón Vázquez worked at Defendant's Guaynabo, Puerto Rico facility until November 1, 2007, when she went to work in Defendant's Hato Rey, Puerto Rico facility.

20. When Cintrón Vázquez went to work in the Hato Rey facility, Jeannette Reyes, Univision's Human Resources Director, told her that upon her return to the Guaynabo facility, she would be working 40 hours a week.

21. Cintrón Vázquez returned to the Defendant's Guaynabo facility on January 7, 2010, and started working 40 hours a week.

22. All of a sudden, on January 28, 2010, Univision gave Cintrón Vázquez a memo informing her that starting February 1, 2010, she would be working on Saturdays and Sunday, from 2:00 p.m. to 11:00 p.m.

23. Univision changed Cintrón Vázquez from a full-time-40-hour-work-week employee to a part-time-16-hour-work-weekend-employee.

24. Univision employs two other Make-Up Artists, Kayla Sierra and Caridad Vidrio who are much younger and have less seniority than Cintrón Vázquez. Ms. Sierra has been working for about 8 years and Ms. Vidrio for about 6 years.

25. While Cintrón Vázquez was relegated to work a 16-hour-part-time job on weekends, both Ms. Sierra and Ms. Vidrio continued working as full-time employees.

26. Univision's conduct was motivated by age animus in violation of Cintrón Vázquez's rights under federal and local laws.

27. Univision's conduct has been and continues to be the proximate cause of all of Cintrón Vázquez's damages.

28. Univision changed Cintrón Vázquez from a full time-40-hours-a-week job to a part-time-16-hours-weekend job because of her age.

29. As a result of Univision's discriminatory conduct, Cintrón Vázquez has been emotionally injured and her health has suffered due to the unwarranted stress and anguish to which she has been subjected.

## FIRST CAUSE OF ACTION UNDER ADEA

30. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

31. Univision's conduct against Cintrón Vázquez constitutes age discrimination under "ADEA"), 29 U.S.C. § 621 et seq., which makes it unlawful for an employer to discriminate against an employee on the basis of age.

32. As a proximate result of Univision's discriminatory practices, Cintrón Vázquez has suffered and continues to suffer intensely, has been deprived of much of her means of livelihood and employment benefits.

33. Likewise, as direct result of Univision's discriminatory practices, Cintrón Vázquez has been emotionally injured and has suffered mental anguish.

34. Univision is liable to Cintrón Vázquez for the above mentioned damages, as well as for her compensatory and emotional damages, and back pay.

35. Cintrón Vázquez is entitled to reinstatement to the full time position, which she held prior to her discriminatory change from-a-fulltime employee, working 40 hours-work-week to a-part-time employee, working 16 hours on weekends.

## SECOND CAUSE OF ACTION UNDER ADEA

36. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

37. Univision's actions and omissions constitute a willful violation of the ADEA and as a result thereof Univision is liable to Cintrón Vázquez for liquidated damages.

## THIRD CAUSE OF ACTION

38. Univision's conduct constitutes discrimination on the basis of age in violation of Puerto Rico Law No. 100 of June 30, 1959, as amended, and as a result thereof Univision is liable to Cintrón Vázquez for double damages.

39. As a proximate result of the discrimination on the basis of age, Cintrón Vázquez has suffered and continues to suffer extensive emotional damages and distress for which Univision is liable.

## TRIAL BY JURY

50. Cintrón Vázquez demands that the instant action be tried before a jury.

**WHEREFORE** premises considered, Cintrón Vázquez prays that judgment be entered in her favor and against Univision including the following relief:

    a. An order directing Univision to cease and desist of any discriminatory conduct on the basis of age against Cintrón Vázquez.

    b. The payment of the difference in salary, together with interest, loss of purchasing power and tax loss from February 1, 2010, when Univision changed her from a full-time-40-hours-a-week-employee to a part-time-16-hours-a-weekend

      employee to the date of the filing of this complaint is reasonably calculated at $24,504.32, and this amount keeps increasing due to the salary loss as 16-hour-a-week-part-time employee.

c.     As a full-time employee Cintrón Vázquez was entitled to 112 hours of holiday pay, but a part-time employee she was only paid 56 hours of holiday pay, thus she is owed $914.48 of holiday pay, and this amount keeps increasing due to the salary loss as 16-hour-a-week-part-time employee

d.     Loss of benefits both past and future.

e.     An award of compensatory damages for the emotional suffering and distress resulting from Univision's discriminatory act in an amount not less than $750,000.

f.     An award of double damages pursuant to Law No. 100.

g.     An award of reasonable attorney's fees, together with costs and necessary disbursements.

h.     That she be reinstated to her full-time position as a Make-Up Artist, working 40 hours week from Monday to Friday.

i.     Any other remedy that this Court may deem just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 30th day of March, 2011.

**CARLOS M. VERGNE LAW OFFICES**
24 Mariana Bracetti
San Juan, P.R. 00925-2201
Tel: (787) 753-3799
Fax: (787) 763-9313

**s/CARLOS M. VERGNE**
Carlos M. Vergne Vargas
USDC - PR No. 209611
E-mail: carlosvergne@aol.com

**s/JOSE A. RIOS ROSA**
José A. Ríos Rosa
USDC - PR No. 216906
E-mail: joserios@prtc.net